Robert A. Sacks
James L. Bromley
Adam S. Paris
Christian P. Jensen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:     (212) 558-4000
Facsimile:     (212) 558-3588

*Counsel for Debtor SVB Financial Group*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SVB FINANCIAL GROUP,[1]<br><br>　　　　　　　　　　Debtor. | Bankruptcy Case No. 23-10367 (MG) |
| SVB FINANCIAL GROUP and OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SVB FINANCIAL GROUP<br><br>　　　　　　　　　　Appellants,<br>　　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.,<br><br>　　　　　　　　　　Appellees. | Civil Case No. 24-CV-6484 (JGLC) |

### SVB FINANCIAL GROUP'S MOTION TO CERTIFY DIRECT APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT UNDER 28 U.S.C. § 158(D)(2)

---

[1]　　The last four digits of SVB Financial Group's tax identification number are 2278.

SVB Financial Group ("Debtor") respectfully moves for certification of the Memorandum Opinion and Order (the "Order") (Bankr. Dkt. No. 1380) issued by Chief Judge Martin Glenn of the United States Bankruptcy Court for the Southern District of New York, sustaining the confirmation objection (Bankr. Dkt. No. 1268) of the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Silicon Valley Bank ("FDIC-R1") and Silicon Valley Bridge Bank, N.A. ("FDIC-R2," and together with FDIC-R1, "FDIC-Rs") for direct appeal to the United States Court of Appeals for the Second Circuit under 28 U.S.C. § 158(d)(2) on or before October 1, 2024.  As explained below, the motion is currently pending before and ready for disposition by this Court because it was originally filed in the Bankruptcy Court and was fully briefed, but was not acted upon within the 30-day period before jurisdiction transferred to this Court under Rule 8006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

On August 21, 2024, Debtor filed its Motion to Certify Direct Appeal to the United States Court of Appeals for the Second Circuit Under 28 U.S.C. § 158(d)(2) in the United States Bankruptcy Court for the Southern District of New York (the "Motion"), attached hereto as **Exhibit A**.  (Bankr. Dkt. No. 1406.)

On September 4, 2024, FDIC-Rs filed their Objection of the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A. to the Debtor's Motion to Certify Direct Appeal to the United States Court of Appeals for the Second Circuit Under 28 U.S.C. § 158(d)(2), attached hereto as **Exhibit B**.  (Bankr. Dkt. 1446.)

On September 5, 2024, Debtor filed its Reply in Support of its Motion to Certify Direct Appeal to the United States Court of Appeals for the Second Circuit Under 28 U.S.C. § 158(d)(2), attached hereto as **Exhibit C**.  (Bankr. Dkt. 1453.)

Bankruptcy Rule 8006(b) provides that a motion for certification of direct appeal

must be filed "with the clerk of the court where the matter is pending. For purposes of this rule, a matter remains pending in the bankruptcy court for 30 days" after the notice of appeal is filed, and "is pending in the district court . . . thereafter."

Because Debtor filed its notice of appeal on August 9, 2024, the Bankruptcy Court was a proper venue for Debtor's Motion at the time it was filed. *See* Fed. R. Bankr. P. 8006(b), (f)(1). Beginning on September 10, 2024, however, the matter has been pending before this Court. In addition, courts have held that a bankruptcy court loses authorization to consider a certification motion after the 30-day period, so the certification request must now be resolved by this Court. *See Secs. Inv. Protection Corp.* v. *Bernard L. Madoff Inv. Secs. LLC*, 2017 WL 3084395, at *2 (Bankr. S.D.N.Y. July 19, 2017); *see also* Fed. R. Bankr. P. 8006(b), (d).

Debtor is therefore refiling the Motion, attached as Exhibit A, together with FDIC-Rs opposition and Debtor's reply, attached as Exhibits B and C. For the reasons set forth in the Motion, Debtor respectfully requests that the Court enter an order substantially in the form of **Exhibit D** attached hereto, certifying the Order for direct appeal to the United States Court of Appeals for the Second Circuit.

| | |
|---|---|
| Dated: September 11, 2024<br>New York, New York | /s/ Robert A. Sacks<br>Robert A. Sacks<br>James L. Bromley<br>Adam S. Paris<br>Christian P. Jensen<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street, New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: sacksr@sullcrom.com<br>  bromleyj@sullcrom.com<br>  parisa@sullcrom.com<br>  jensenc@sullcrom.com<br><br>Diane L. McGimsey (admitted *pro hac vice*)<br>SULLIVAN & CROMWELL LLP<br>1888 Century Park East, Los Angeles, CA 90067<br>Telephone: (310) 712-6600<br>Facsimile: (310) 712-8800<br>E-mail: mcgimseyd@sullcrom.com<br><br>*Counsel for Debtor SVB Financial Group* |